**Marquis Aurbach Coffing**
Tye S. Hanseen, Esq.
Nevada Bar No. 10365
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
thanseen@maclaw.com
*Local counsel for Plaintiff*

Nelson, Levine, de Luca & Hamilton
Jeffrey M. Zielinski, Esq.
518 Township Line Road, Suite 300
Blue Bell, PA 19422
Telephone: (215) 358-5100
Facsimile: (215) 358-5101
jzielinski@nldhlaw.com
*Attorney for Plaintiff – pro hac*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, an Illinois corporation<br><br>Plaintiff,<br><br>vs.<br><br>BROAN-NUTONE, LLC, a Delaware limited liability company; JAKEL MOTORS INCORPORATED, a Wisconsin corporation; JAKEL MOTORS INCORPORATED n/k/a and/or d/b/a JAKEL INCORPORATED, a Wisconsin corporation; JAKEL INCORPORATED f/k/a JAKEL MOTORS INCORPORATED, a Wisconsin corporation; REGAL-BELOIT CORPORATION, a Wisconsin corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.:   2:14-cv-01062-JCM-VCF |

### STIPULATION AND ORDER FOR EXTENSION OF DISCOVERY DEADLINES
### (FIRST REQUEST)

Pursuant to Local Rules 6-1 and 26-4, Plaintiff, Allstate Insurance Company ("AllState"), by and through its attorneys of record, the law firms of Nelson, Levine, de Luca & Hamilton and Marquis Aurbach Coffing, and Defendants, Broan-Nutone, LLC ("Broan") and Jakel Motors Incorporated ("Jakel"), by and through its attorneys of record, the law firm of Cooper Levenson,

MAC:13738-001 2495269_1

1 respectfully submit the following Stipulation and Order for Extension of Discovery Deadlines
2 (First Request).  This Stipulation is being entered in good faith and not for purposes of delay.

**I.     LOCAL RULE 6-1 COMPLIANCE**

The Parties have made no prior requests for an extension of discovery and seek only a brief, 60-day extension of all deadlines to properly complete discovery.  The alleged action involves allegations of a product defect that requires substantial document production relative to the design and history of the product from both of the defendants.  The responses to the written requests and the related documentation are necessary for Plaintiff to properly depose the corporate designees of the defendants and are crucial for Plaintiff's experts to author their reports.

**II.    LOCAL RULE 26-4 COMPLIANCE**

**A.     DISCOVERY COMPLETED.**

1.    The parties participated in an FRCP Rule 26(f) conference after which they produced their initial disclosures pursuant to FRCP 26(f).

2.    Plaintiff has served written discovery and document demands on both defendants that seek extensive information related to the history and design of the subject product.  Defense counsel has required additional time to obtain such documents from both parties, as well as to review and ensure that they are responsive to the subject requests.  Defense counsel intends to provide these responses by April 24, 2015.  Plaintiff has consented to these extensions in order to obtain these documents, as well so the parties could work out and execute a confidentiality agreement to allow for the production of all of documents prior to conducting depositions of the defendants' corporate designees.

3.    The Defendants have served interrogatories and document demands, as well as extensive requests for admissions on Plaintiff. Plaintiff has requested an additional week to respond to these demands. Plaintiff intends to provide responses by April 24, 2015.

4.    The parties are in the process of scheduling a series of depositions for mid-May that will result in the completion of the key fact witness depositions needed in this case.

MAC:13738-001 2495269_1

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

5. To date, the parties have cooperated with one another and are working diligently to meet all deadlines.

### B. DISCOVERY REMAINING.

The parties agree that the subject litigation is expert intensive. As a result, the document production and the expert discovery phase are the most crucial aspects of the case. Once document production is completed on April 24, 2015, the parties can proceed with the key fact witness depositions that the parties intend to conduct in May. The depositions currently being requested are the corporate designees of Broan and Jakel, Kelly Von Eberstien (AllState's insured) and the local fire official. The parties hope to complete these key fact depositions over the course of several consecutive days.

Upon completion of fact witness depositions, which may ultimately include a few more persons, the remaining discovery will be the production of expert reports and the subsequent depositions of said experts. The parties will work on scheduling these depositions in the immediate future in order to avoid any delays.

### C. REASONS WHY DISCOVERY WAS NOT COMPLETED, GOOD CAUSE, AND EXCUSABLE NEGLECT.

This case involves extensive monetary damages. As a result, the parties retained experts before litigation began and the experts have participated in three separate inspections and/or destructive testings (both pre and post-litigation) of the fan which Plaintiff alleges caused the fire. As a result of the expert discovery conducted to date, the Plaintiff has identified extensive documents that need to be produced before the parties can effectively depose Defendants' corporate designees and before the experts can reach their final opinions.

The extensive discovery requests have caused the Defendants to ask for several extensions to sufficiently respond. Plaintiff has consented to these extensions as the documents are crucial for Plaintiff to properly depose the corporate designees of the defendants and for Plaintiff's experts to author their reports.

As result, the Plaintiff has good cause to request this brief extension as it has been diligently working with the parties to obtain the necessary documents needed to take the next

MAC:13738-001 2495269_1

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  steps in discovery. Moreover, the discovery end date does not expire until July 6, 2015, which
2  means that the parties have been proactive in seeking this brief extension so that this matter can
3  progress efficiently.

4  To the extent that the Court deems that the excusable neglect standard must be met in
5  requesting this extension, as the request comes 20 days prior to the deadline for Plaintiff's expert
6  disclosures, it is clear that there is (1) no danger of prejudice to anyone as all parties are in
7  agreement with this request (2) the extension only requests an additional 60 days that should
8  have no impact on the proceedings (3) the lapse of the 21 day deadline was simply an oversight
9  that was promptly remedied and a legitimate reason, as well as good cause, to extend discovery
10 has been set forth above and (4) to date, the parties have acted in good faith throughout the
11 course of the discovery process. See Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223–24 (9th
12 Cir.2000) (citing four factors in determining whether neglect is excusable: (1) the danger of
13 prejudice to the opposing party; (2) the length of the delay and its potential impact on the
14 proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith).

15 Based on the above, the parties propose the below brief extension.

**PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY.**

**1.    Discovery Cut-Off**

Extended from July 6, 2015 to September 4, 2015.

**2.    Last Day to File Motions to Amend or Add Parties**

Closed.

**3.    Initial Expert Disclosures**

Extended from May 7, 2015 to July 6, 2015.

**4.    Rebuttal Expert Disclosures**

Extended from June 8, 2015 to August 7, 2015.

**5.    Dispositive Motions**

Extended from August 5, 2015 to October 5, 2015.

MAC:13738-001 2495269_1

### 6. Joint Pretrial Order

The deadline to file the Joint Pretrial Order shall be extended from September 8, 2015 to ~~October 7~~ November 9, 2015. If the Parties file dispositive motions, the Joint Pretrial Order will be due 30 days after the Court's entry of its decision on the dispositive motions.

DATED this 17th day of April, 2015.          DATED this 17th day of April, 2015.

**NELSON, LEVINE, DE LUCA & HAMILTON**          **COOPER LEVENSON**

By: */s/ Jeffrey M. Zielinski*
   Jeffrey M. Zielinski, Esq.
   518 Township Line Road, Suite 300
   Blue Bell, PA 19422
   jzielinski@nldhlaw.com
   *Attorney for Plaintiff – pro hac*

By: */s/ Jerry S. Busby*
   Jerry S. Busby, Esq.
   Nevada Bar No. 001107
   6060 Elton Avenue, Suite A
   Las Vegas, NV 89107-0126
   Attorneys for Defendants

Tye S. Hanseen, Esq.
Nevada Bar No. 10365
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Plaintiff

IT IS SO ORDERED this 20th day of April, 2015.   As modified.

_____
UNITED STATES ~~DISTRICT~~ MAGISTRATE JUDGE

**Submitted by:**

**NELSON, LEVINE, DE LUCA & HAMILTON**

By: */s/ Jeffrey M. Zielinski*
   Jeffrey M. Zielinski, Esq.
   518 Township Line Road, Suite 300
   Blue Bell, PA 19422
   jzielinski@nldhlaw.com
   *Attorney for Plaintiff – pro hac*

Tye S. Hanseen, Esq.
Nevada Bar No. 10365
10001 Park Run Drive
Las Vegas, Nevada 89145
*Local counsel for Plaintiff*

MAC:13738-001 2495269_1

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816