JERRY S. BUSBY
Nevada Bar #001107
COOPER LEVENSON, P.A.
6060 Elton Avenue – Suite A
Las Vegas, Nevada 89107
(702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com

Attorneys for Defendants
Broan-NuTone, LLC and Jakel
Motors Incorporated

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BROAN-NUTONE, LLC, a Delaware limited liability company; JAKEL MOTORS INCORPORATED, a Wisconsin corporation; JAKEL MOTORS INCORPORATED n/k/a and/or d/b/a JAKEL INCORPORATED, a Wisconsin corporation; JAKEL INCORPORATED f/k/a JAKEL MOTORS INCORPORATED, a Wisconsin corporation; REGAL-BELOIT CORPORATION, a Wisconsin corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO. 2:14-cv-01062-JCM-VCF |

## STIPULATION AND ORDER FOR EXTENSION OF DISCOVERY DEADLINES
### (SECOND REQUEST)

Pursuant to Local Rules 6-1 and 26-4, Plaintiff, Allstate Insurance Company ("AllState"), by and through its attorneys of record, the law firm of Marquis Aurbach Coffing, and Defendants, Broan-Nutone, LLC ("Broan") and Jakel Motors Incorporated ("Jakel"), by and through their attorneys of record, the law firm of Cooper Levenson P.A., respectfully submit the following Stipulation and Order for Extension of Discovery Deadlines. This Stipulation is being entered in

CLAC 3049812.1

good faith and not for purposes of delay.

## I. Local Rule 6-1 Compliance

The Parties previously requested and received a 60-day extension of all deadlines to ensure that there was sufficient time to complete discovery. The scheduling order issued by this Court indicated that the parties would simultaneously exchange expert reports on July 6, 2015; however, after agreeing to a simultaneous exchange of expert reports, an issue has arisen which necessitates a staggered exchange of experts. Specifically, as the parties have been conducting discovery, it has become apparent that Plaintiff's experts have factual information that Defendant needs to receive before its experts can prepare their reports. Specifically, a letter from Plaintiff's former attorney indicates that the Broan –NuTone fan that Plaintiff alleges caused the fire at the Von Eberstein residence stopped working *before* the day of the fire. Defendant has taken the deposition of Mr. Von Eberstein, but his recollection of the fan was unclear. Further, Defendant is unable to depose Mrs. Von Eberstein as she passed away *after* the fire but prior to the time Plaintiff filed suit. As such, it appears that at least one of Plaintiff's experts Rickey Stephan was at the Von Eberstein home with one week after the fire occurred and has received information from the Von Ebersteins about whether the fan was working on the day of the fire. Defendant attempted to schedule a deposition of Rickey Stephan to recover *factual information only* but Plaintiff has objected to producing Mr. Stephan for deposition prior to the date his expert report is disclosed and Plaintiff also objects to having Mr. Stephan testify more than once. Accordingly, in order to ensure that Defendants and their experts have complete information before issuing their expert reports and to ensure that Mr. Stephan and Plaintiff's other experts will only have to provide deposition testimony once, counsel for the parties have agreed that Defendants will produce the reports from their experts two weeks after Plaintiff discloses its experts reports.

/ / /

/ / /

/ / /

/ / /

/ / /

CLAC 3049812.1

In addition to the above, a scheduling conflict arose which prevented counsel from previously taking the deposition of the Henderson Fire Marshall until June 30, 2015. The deposition testimony of the Henderson Fire Marshall is critical evidence that all experts need to consider before issuing their reports. Accordingly, the parties jointly request a one week delay in the initial disclosure of expert reports.

As a result of the above agreements between counsel, the parties jointly agree to a slight modification of the discovery schedule. Specifically, the parties jointly request that the reports from Plaintiff's experts be disclosed on July 13, 2015 – one week after the current disclosure deadline. In addition, the parties jointly agree to allow Defendants experts to disclose their expert reports on July 27, 2015 – two weeks *after* Plaintiff has disclosed the reports from its experts.

## II.   Local Rule 26-4 Compliance

### A.   DISCOVERY COMPLETED.

1. The parties participated FRCP 26(f).

2. Plaintiff has served written discovery and document demands on both defendants that sought extensive information related to the history and design of the subject product. (By way of example, Defendant Jakel alone produce over 19,000 pages of documents in response to Plaintiff's requests.) Defendants have responded to Plaintiff's written discovery.

3. The Defendants has served interrogatories and document demands, as well as extensive requests for admissions on Plaintiff. Plaintiff has responded to Defendants' written discovery requests.

4. Defendant has taken the deposition of Kelly Von Eberstein and is presently scheduled to take the deposition of the Fire Investigator on June 30, 2015.

5. Plaintiff has taken the deposition of persons knowledgeable from Broan-NuTone and from Jakel Motors.

6. The parties have *re-scheduled* the deposition of the Henderson Fire Marshall to take place on June 30, 2015. The parties will request an expedited transcript of his deposition testimony so that all experts may review his testimony shortly after his deposition is concluded.

///

CLAC 3049812.1

7. Defendant has requested additional documents from Plaintiff and Plaintiff's attorney is currently submitting additional requests for documents from Defendants.

8. The parties have consulted with experts and Plaintiff anticipates being able to provide its experts with a transcript of the Henderson Fire Marshall and produce the reports of Plaintiff's on July 13, 2015. Defendants have also consulted with experts and anticipate being able to disclose their experts on July 27, 2015, two weeks after receiving reports from Plaintiff's experts.

9. To date, the parties have cooperated with one another and are working diligently to meet all deadlines.

### B.   DISCOVERY REMAINING

The parties previously indicated to this Court, and continue to believe, that the subject litigation is expert intensive. As a result, the document production and the expert discovery phase are the most crucial aspects of the case. At this time, the parties anticipate conducting the following discovery:

1. Recovering additional documents from Defendants and from Plaintiff;
2. Plaintiff identifying experts on July 6, 2015;
3. Defendants identifying experts on July 20, 2015;
4. Disclosing rebuttal expert reports August 21, 2015;
5. Noticing and taking the depositions of opposing experts;
6. Noticing and taking the deposition of persons knowledgeable from Allstate;
7. Noticing and taking additional depositions, if needed, of current and former Jakel and Broan employees that pertain to documents produced.

Because Plaintiff's lead counsel resides in the State of Pennsylvania and almost all experts, along with the PMK from Allstate, reside outside of Nevada, the parties recognize the importance of setting aside blocks of time to allow multiple depositions to be taken as soon as possible. To date, counsel for the parties have been cooperating to complete discovery as expeditiously as possible and to schedule depositions at the earliest date possible.

///

///

CLAC 3049812.1

## C. REASONS WHY DISCOVERY WAS NOT COMPLETED.

As set forth above, critical deposition testimony from the Henderson Fire Marshall will not be available for review by experts until after June 30, 2015. In addition, critical factual information will not be available for Defendants experts to review until after Plaintiff has disclosed its experts on July 13, 2015. Once reports are received from Plaintiff's experts, Defense counsel will immediately provide the reports to its consultants who will need two weeks (until July 27, 2015) to complete their expert reports. As a result of the unavoidable delays in deposing the Henderson Fire Marshall and as a result of the need to have Defendants disclose their experts after receiving critical factual information from Plaintiff's experts, counsel jointly request a modification of the discovery schedule as set forth below.

## D. PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY.

### 1. Discovery Cut-Off

Extended from September 4, 2015 to September 18, 2015.

### 2. Last Day to File Motions to Amend or Add Parties

Closed.

### 3. Initial Expert Disclosures

Plaintiff's disclosure to be extended one week until July 13, 2015 and Defendants disclosures to be made two weeks later on July 27, 2015.

### 4. Rebuttal Expert Disclosures

Extended from August 7, 2015 to August 28, 2015.

### 5. Dispositive Motions

Extended from October 5, 2015 to October 26, 2015.

///
///
///
///
///

CLAC 3049812.1

### 6. Joint Pretrial Order

The deadline to file the Joint Pretrial Order shall be extended from November 9, 2015 to November 30, 2015. If the Parties file dispositive motions, the Joint Pretrial Order will be due 30 days after the Court's entry of its decision on the dispositive motions.

DATED this 25th day of June, 2015.                DATED this 25th day of June, 2015.

**MARQUIS AURBACH COFFING**                **COOPER LEVENSON, P.A.**


By:     /s/ Tye S. Hanseen                              By:     /s/ Jerry S. Busby
    Tye S. Hanseen, Esq.                              Jerry S. Busby, Esq.
    Nevada Bar No. 6882                               Nevada Bar No. XXX
    Tye S. Hanseen, Esq.                              Tye S. Hanseen, Esq.
    Nevada Bar No. 10365                              Nevada Bar No. 10365
    10001 Park Run Drive                              6060 Elton Avenue, Suite A
    Las Vegas, Nevada 89145                           Las Vegas, NV 89107-0126
    Attorneys for Plaintiff                           Attorneys for Defendants


IT IS SO ORDERED this __29th__ day of __June__, 2015.

_____
UNITED STATES ~~DISTRICT~~ MAGISTRATE JUDGE

6

CLAC 3049812.1